UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TAYLOR WADE,<br>　　Plaintiff,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br>　　Defendant. | )<br>)<br>)　Case No.<br>)　Hon.:<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR TRIAL**

NOW COMES Plaintiff, TAYLOR WADE, by her attorneys, Aref Law P.L.L.C., makes the following Complaint:

GENERAL FACTUAL ALLEGATIONS

1. The Plaintiff, Taylor Wade, is a resident of the City of Canton, County of Wayne, State of Michigan.

2. The United States Postal Service (USPS) is a governmental unit of Defendant United States of America.

3. This cause of action is within the ambit of the Federal Tort Claims Act, (FTCA) 28 U.S.C. Part VI, Chapter 171, and 28 U.S.C §1346, which vest exclusive jurisdiction over the action within the United States District Court.

4. The Plaintiff filed her FTCA claim with the USPS National Tort Center on or about February 2, 2020.

5. The Plaintiff has not received a denial of her FTCA claim from the USPS and, pursuant to 28 U.S.C. §2675(a), is permitted to initiate this lawsuit at this time.

6. Jurisdiction and venue are therefore properly vested within this Court pursuant to 28 U.S.C. §1339 and 28 U.S.C. §1402.

1

7. On September 5, 2018, the Plaintiff was the operator of a 2013 Ford Mustang, bearing vehicle registration number DXN0728, which motor vehicle was being driven in a careful and prudent manner along and upon Davison Street at or near the intersection of Lawton Street, City of Detroit, County of Wayne, State of Michigan.

8. At the aforementioned place and time, Jallyah Gervin-Barnes was the operator of a 2008 Chevy Uplander, bearing vehicle registration number 7224730, which motor vehicle said Defendant was being driven in a careless, reckless and negligent manner along and upon Davison Street, at or near the intersection of Lawton Street, in the City of Detroit, County of Wayne, State of Michigan, when Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff as hereinafter alleged.

9. At the aforementioned place and time, Jallyah Gervin-Barnes was operating her vehicle in the course of his employment with the USPS.

10. At the aforementioned day and date, Jallyah Gervin-Barnes owed a duty to the Plaintiff to operate her vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and Ordinances for the City of Detroit.

11. As a direct and proximate result of the subject automobile collision, the Plaintiff suffered serious and disabling injuries including serious impairments of bodily function and permanent and serious disfigurements.

## COUNT I – NEGLIGENCE

12. The Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 11 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

13. The Defendant, through its employees, had a duty and obligation to use due care for the protection of individuals such as the Plaintiff.

14. The Defendant, through its employee, Jallyah Gervin-Barnes, was negligent, careless and reckless in several respects, including the following:

(a) Failing to operate the motor vehicle with due care and caution in violation of MCLA 257.627, MSA 9.2327;

(b) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCLA 257.626(a), MSA 9.2326(a);

(c) Failing to keep the automobile constantly under control;

(d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCLA 257.626(b), MSA 9.2326(2);

(e) Failing to attempt to stop the vehicle when Jallyah Gervin-Barnes knew or should have known that failure to do so would naturally and probably result in injury to Plaintiffs;

(f) Failing to observe the highway in front of Jallyah Gervin-Barnes's vehicle when Jallyah Gervin-Barnes knew, or should have known, that failure to observe oncoming vehicles would endanger the life or property of other persons using the roadway;

(g) Failing to yield to all approaching vehicles, MCLA 257.652, MSA 9.2352;

  (h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking a vehicle, in violation of MCLA 257.401, MSA 9.2101;

  (i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCLA 257.627(1), MSA 9.2327(1);

  (j) Failing to make timely use of the braking system with which said vehicle is equipped;

  (k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCLA 257.706, MSA 9.2406;

  (l) Operating said motor vehicle in excess of the posted limit in violation of MCLA 257.628, MSA 9.2328; and,

  (m) Failing to stop for a steady red traffic light before entering an intersection in violation of MCLA 257.612, MSA 9.2312.

15. This breach of duty constituted negligence on the Defendant's behalf.

16. As a proximate result of the Defendant's negligence, the Plaintiff has sustained damages past, present and future, including but not limited to, physical pain and suffering, mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment, humiliation and mortification, disability, disfigurement, lost wages, loss of earning capacity and the reasonable expenses of necessary medical care, treatment and services.

WHEREFORE, the Plaintiff respectfully request that this Court enter Judgment against the Defendant in in an amount in excess of $75,000.00 and award costs, interest, and attorney fees so wrongfully incurred.

## TRIAL BY BENCH

The Plaintiff hereby demands trial by bench.

Respectfully,

Aref Law, P.L.L.C.
*Attorney for Plaintiff*

**/s/** *Sharif Aref*
Sharif Aref (P74522)
2000 Town Center, Ste. 1900
Southfield, MI 48075
Phone: (248) 509-4555

Dated: 3-1-2021.