UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAYLOR WADE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 21-cv-10552<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT (ECF NO. 27)**

## I.    Introduction

Plaintiff Taylor Wade sues the government under the Federal Tort Claims Act (FTCA) for injuries sustained in a car accident allegedly caused by a United States Postal Service employee.  ECF No. 1.  The government moves for summary judgment.  ECF No. 27.  The Honorable George Caram Steeh referred the motion to the undersigned for a report and recommendation under 28 U.S.C. § 636(b)(1)(B).  ECF No. 29.  The Court **RECOMMENDS** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The opposing party "may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an

affirmative showing with proper evidence in order to defeat the motion." *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009) (cleaned up). "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Id.* (cleaned up). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560.

Wade concedes that her claim for economic damages should be dismissed. ECF No. 30, PageID.716. Thus, that portion of the government's motion should be granted. But the motion should otherwise be denied.

**B.**

Under the FTCA, liability "is usually determined by referencing state law." *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010) (cleaned up). Wade seeks noneconomic damages under Michigan's No-Fault Act.

Under the No-Fault Act, a plaintiff cannot recover for non-economic damages unless she "suffered death, serious impairment of body function, or permanent serious disfigurement." Mich. Comp. Laws § 500.3135(1). A "serious impairment of body function" is "an objectively manifested impairment of an important body function that affects a person's general

3

ability to lead his or her normal life." § 500.3135(5).  To establish a serious impairment, a plaintiff must show: "(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living)." *McCormick v. Carrier*, 487 Mich. 180, 215 (2010).  The government argues that Wade cannot satisfy the first element.  ECF No. 27, PageID.454-461.

Under the first *McCormick* prong, a plaintiff must show an "objectively manifested impairment," meaning one "that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich. at 196.  And a plaintiff must "introduce evidence establishing that there is a physical basis for her subjective complaints of pain and suffering [which] generally requires medical testimony." *Id.* at 198 (cleaned up).  A plaintiff must also show "a causal relationship between [her] injury and the accident." *Lopez-Garcia v. United States*, 207 F. Supp. 3d 753, 759 (E.D. Mich. 2016) (citing *Mehdi v. Gardner*, No. 319630, 2015 WL 1227710, at *2 (Mich. Ct. App. Mar. 17, 2015)).  To make this showing, a plaintiff must

4

provide either (1) a "facially apparent connection to the underlying trauma" or (2) "an expert opinion establishing same." *Id.*

The government contends that the objective medical evidence shows that Wade suffered only minor injuries and that she cannot prove causation. ECF No. 27, PageID.454-461. The record includes evidence to support the government's point of view. On September 5, 2018, the day of the accident, Wade went to the emergency room with pain in her neck, back, and abdomen. ECF No. 27-2, PageID.465. CT scans of her spine, chest, abdomen, and pelvis were negative with no signs of acute trauma, and she reported that her pain had improved. *Id.*, PageID.467-468; ECF No. 27-3. Wade was discharged with a final diagnosis of "none" and with prescriptions for a pain medication and muscle relaxer. ECF No. 27-2, PageID.468.

Two days later, Wade went to another hospital for neck and back pain and numbness in her fingers. ECF No. 27-5, PageID.570, 575. Imaging of Wade's head and spine was normal, and she had normal range of motion and strength. *Id.*, PageID.577-580. She was diagnosed with myalgia and was discharged in stable condition. *Id.* Wade visited her primary care physician on September 11, 2018, and complained of chronic headaches, eye pressure, back and neck pain, decreased grip strength,

5

and urinary frequency.  ECF No. 27-7, PageID.591.  Her doctor determined that her back pain was likely temporary and diagnosed her with carpal tunnel syndrome.  *Id.*  On September 13, 2018, Wade also went to a chiropractor for pain in her neck, back, hands, eyes, and head.  ECF No. 27-9; ECF No. 27-10.  She was diagnosed with hypertonicity (or muscle tightness) of her spinal musculature.  ECF No. 27-10.

In February 2019, Wade's chiropractor referred her for more spinal MRIs.  ECF No. 27-11.  Those MRIs showed disc bulging and a "slight reversal of the cervical lordosis."  *Id.*  The government cites Adeel Khalid, M.D.'s assessment that those MRIs show "only very early degenerative disc disease and degenerative chronic disc bulge" and no evidence of acute trauma.  ECF No. 27-12, PageID.620-621.  Dr. Khalid concluded that "there are absolutely no objective findings to suggest objective acute injuries of the cervical spine, thoracic spine, or lumbar spine as a result of the motor vehicle accident of September 5, 2018."  *Id.*, PageID.621 (cleaned up).

Wade had a shoulder surgery for a torn rotator cuff in October 2019, over a year after the accident.  ECF No. 27-13.  She had an independent medical evaluation (IME) with orthopedic surgeon Joseph Walkiewicz, D.O., who found that it was unlikely that Wade sustained that shoulder

6

injury in the accident. ECF No. 27-14, PageID.634, 639. She also had an IME with neurosurgeon Samer ElFallal, D.O., who stated that Wade did not sustain "any significant injury from this motor vehicle accident." *Id.*, PageID.666, 673.

But Wade offers objective medical evidence in rebuttal. In January 2019, Wade's chiropractor referred her to orthopedist James Gilas, M.D., for her neck and back pain.[1] ECF No. 30-1, PageID.739. Dr. Gilas noted that Wade had a limited range of motion, spinal myospasm, and nonfocal motor and sensory reflex deficits. *Id.*, PageID.740. He diagnosed motor vehicle trauma with sprain/strain, myofascial pain syndrome of the spine, spinal and sacroiliac joint synovopathy, and early signs of cervical and lumbosacral discopathy and radiculopathy. *Id.* He found that those injuries were causally related to the accident and prescribed myofascial trigger point injections and other medications. *Id.* In April and August 2019, Dr. Gilas noted that Wade continued to experience those symptoms. *Id.*, PageID.743-744.

---

[1] The Court recommended granting the government's earlier motion for summary judgment, as medical opinions from Wade's treating physicians were inadmissible because of her failure to make Rule 26(a)(2) expert disclosures. ECF No. 21. But the government withdrew that motion and does not advance its arguments about expert disclosures in this motion. ECF No. 26; ECF No. 27, PageID.444 n.2.

In September 2019, Wade saw orthopedist Ronald Joseph, M.D., for pain in her shoulder. *Id.*, PageID.747. Dr. Joseph noted that an MRI of Wade's shoulder showed a superior flap tear. *Id.* He diagnosed "posttraumatic left shoulder anterior inferior instability with probable posttraumatic SLAP tear," and recommended surgery to correct it. *Id.* Dr. Joseph also noted that Wade had symptoms like point tenderness, "distinct pain and discomfort," and a positive O'Brien test. *Id.* He found that Wade's injury was likely caused by the car accident. *Id.*, PageID.747, 751.

Through this evidence, Wade has shown physical bases for her complaints. Drs. Gilas and Joseph observed objective signs of injury, including a limited range of motion, muscle spasms, and abnormal imaging, which are enough to show an objectively manifested impairment. See *Birchfield v. Chiodo*, No. 348386, 2020 WL 3477192, at *4 (Mich. Ct. App. June 25, 2020) ("A limited range of motion qualifies as an objective impairment, [and] this Court has determined that muscle spasms are objective manifestations of an injury." (cleaned up)); *Stapleton v. Auto Club Ins. Ass'n*, No. 317701, 2014 WL 7214680, at *5-6 (Mich. Ct. App. Dec. 18, 2014) (medical evidence showing muscle spasms, limited range of motion, shoulder injury, and degenerative changes in the spine "create[d] a genuine issue of material fact regarding an objectively manifested impairment that

8

was observable by others"). Drs. Gilas and Joseph also stated that those injuries were caused by the car accident.

Although Drs. Khalid, Walkiewicz, and ElFallal disagreed with Drs. Gilas and Joseph, that conflict may not be resolved on summary judgment. *See Okros v. Angelo Iafrate Constr. Co.*, No. 05-60006, 2009 WL 3698559, at *2 (E.D. Mich. Nov. 4, 2009) ("A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact."); *Jackson v. Van De Hogen Cartage Ltd.*, No. 99-CV-74928-DT, 2000 WL 1481026, at *5 (E.D. Mich. Sept. 13, 2000) (denying summary judgment when the parties presented conflicting medical evidence).

Nor is this case like *Mehdi* or other cases the government cites. In those cases, the plaintiffs relied only on subjective complaints of pain and failed to produce evidence linking their impairments to the car accidents. *Mehdi*, 2015 WL 1227710, at *2 (finding no objectively manifested impairment when the plaintiff's only injuries were whiplash and pain and no evidence linked later abnormal testing to the accident); *see also Lopez-Garcia*, 207 F. Supp. 3d at 759 (similar); *Bayley v. United States*, No. 17-11942, 2018 WL 4901153, at *5 (E.D. Mich. Oct. 9, 2018) (finding no

objectively manifested impairment when there was "no evidence of an actual diagnosis based on objective testing; there is only an indication that [the plaintiff's] symptoms are consistent with a sprain or strain"). By contrast, Wade has supplied medical opinions based on objective examinations and testing connecting her injuries to the accident.

### III. Conclusion

The Court thus **RECOMMENDS** that the government's motion for summary judgment be **GRANTED IN PART AND DENIED IN PART** (ECF No. 27). Wade's claim for economic damages should be dismissed, but her claim for noneconomic damages should proceed.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 4, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2023.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager